```
                  UNITED STATES BANKRUPTCY COURT
                 FOR THE SOUTHERN DISTRICT OF IOWA


IN RE:                          )
                                )    Chapter 7
RANDY J. KIRK,                  )
                                )    Bankruptcy No. 08-00634
      Debtor.                   )
_____  )
DEREK LAMB,                     )    Adversary No. 08-30035
                                )
      Plaintiff,                )
                                )
vs.                             )
                                )
RANDY J. KIRK,                  )
                                )
      Defendant.                )
```

**ORDER RE: COMPLAINT TO DETERMINE DISCHARGEABILITY**

This matter came before the undersigned on February 17, 2009 for trial on the Complaint to Determine Dischargeability. Plaintiff Derek Lamb was represented by attorney David W. Newell. Debtor/Defendant Randy J. Kirk was represented by attorney Bruce Buckrop. After the presentation of evidence and argument, the Court took the matter under advisement. The time for filing briefs has now passed and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

**STATEMENT OF THE CASE**

Plaintiff Derek Lamb alleges that a claim against Debtor Randy J. Kirk is not dischargeable under 11 U.S.C. § 523(a)(6) because Debtor failed to provide worker's compensation insurance as required by Iowa law and such failure was willful and malicious. Debtor denies that his conduct was willful or malicious. He asserts the debt should be included in the discharge.

**FINDINGS OF FACT**

Plaintiff started an internship at Debtor's business on October 30, 2006 as part of a school-to-work program with Muscatine High School. Prior to Plaintiff's participation, Debtor signed an STW Internship Training Agreement (the "STW Agreement") certifying that he would "[f]ollow all Federal and

State regulations regarding the training and employment of students." The internship concluded on January 12, 2007 (Pl. Ex. B). After the internship, Plaintiff agreed to work for Debtor on an "as needed" basis. Plaintiff testified he was paid, although irregularly, with business checks. Debtor testified that he never paid Debtor but that he "intended" to add Debtor to his payroll at the time of the accident.

On March 19, 2007, Plaintiff sustained an injury while helping at Debtor's place of business. As a result of that injury, he incurred medical expenses amounting to $27,000 (Pl. Ex. C). Debtor filed a liability claim with his insurer but the claim was rejected.

Debtor had general liability insurance but not worker's compensation insurance at the time of the injury. He had purchased worker's compensation insurance on September 27, 2004 but later cancelled it. His insurance agent testified in a deposition that Debtor cancelled the insurance because he no longer had any employees at that time (Pl. Ex. A). Debtor testified that his insurance agent told him that Plaintiff would be covered under his general liability insurance.

## CONCLUSIONS OF LAW

The Bankruptcy Code excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6). The plaintiff bears the burden to prove, by a preponderance of the evidence, that the debt is both willful and malicious. In re Patch, 526 F.3d 1176, 1180 (8th Cir. 2008). As the primary purpose of the Bankruptcy Code is to provide debtors with a "fresh start", exceptions to discharge are generally narrowly construed against the plaintiff. In re Kline, 65 F.3d 749, 751 (8th Cir. 1995).

In Kawaauhau v. Geiger, the Supreme Court affirmed an Eighth Circuit decision that a medical malpractice claim is dischargeable in bankruptcy. 523 U.S. 57 (1998). The Court held that "willful" means a "deliberate or intentional injury" not merely a "deliberate or intentional act that leads to injury." Id. at 61. Also, the Court noted the similarity between the terminology used in § 523(a)(6) and common law intentional tort and stated that evidence of recklessness does not qualify as willfulness. Id. at 57-58. In Patch, the Eighth Circuit further stated that willfulness can be inferred if the debtor knew injury was "certain" or "substantially certain" to occur as a result of the conduct. 526 F.3d at 1181.

2

Courts are divided on the issue of whether an employer's failure to carry worker's compensation insurance is considered willful under § 523(a)(6). Most courts conclude that it is not willful because the employer does not intend to cause injury to its employees, nor is injury substantially certain to occur. In re Mazander, 130 B.R. 534 (Bankr. E.D. Mo. 1991) (failure to carry worker's compensation insurance not intended to harm worker); In re Walker, 48 F.3d 1161 (11th Cir. 1995) (employer's failure to carry worker's compensation insurance not substantially certain to injure employee); In re Vizzini, 348 B.R. 339 (Bankr. E.D. La. 2005) (plaintiff failed to prove that employers were aware that the "particularized harm" would occur).

A minority view holds that an employer's failure to obtain insurance required by state law can be willful. This view concludes that injury on the job is foreseeable and that an employer's intentional failure to obtain worker's compensation insurance leads to the employee's economic injury. In re Strauss, 99 B.R. 396 (N.D. Ill. 1999); Kramer v. Lashley, No. 8:01CV6, 2001 WL 1135626, at *4-5 (D. Neb. June 29, 2001). This view, however, was formulated prior to the 1998 Geiger decision and few courts have since supported it.

This Court concludes the majority view is most consistent with Geiger. Geiger and Patch require not only a deliberate failure to obtain worker's compensation but also the intent to cause harm or at least knowledge that injury is substantially certain to occur. A debtor's failure to obtain worker's compensation insurance may inevitably lead to financial injury but not the underlying physical injury. Mazander, 130 B.R. at 537. Unless the plaintiff can demonstrate that the physical injury was intended or substantially certain to occur, Geiger requires a conclusion that financial injury is not willful. Id.

A debt incurred as a result of an employer's failure to provide worker's compensation insurance is dischargeable in bankruptcy unless the employee can establish that the employer knew: (1) he was required to provide worker's compensation insurance; and (2) the plaintiff's injury was substantially certain to occur. The majority view incorporates the minority view as its first element but expands it by adding the requirement of knowledge of a substantial likelihood of injury.

**ANALYSIS**

Plaintiff contends that his claim against Debtor should be excepted from discharge because Debtor's failure to obtain worker's compensation is "willful, deliberate and unlawful."

Compl. ¶ 7.  Plaintiff has not demonstrated that Debtor knew he was required to provide worker's compensation insurance under this factual record nor has he proven that injury was substantially certain to occur.

Plaintiff did not prove that Debtor willfully failed to procure worker's compensation insurance.  Plaintiff alleges that Debtor knew he was required to provide worker's compensation because he had previously carried insurance while employing school-to-work participants.  While Debtor carried insurance prior to the incident, it was only because he had employees other than school-to-work participants.  The decision to cancel his policy was not unjustified.  Debtor testified that he cancelled the insurance after his insurance agent advised him that Plaintiff would be covered under his general liability policy.  Thus, Plaintiff has not met his burden under either the majority or minority rule.

Likewise, Plaintiff did not establish that Debtor knew injury was substantially certain to occur.  Even if Debtor knew he was required to provide worker's compensation insurance, it does not follow that Debtor knew Plaintiff would be injured at work.  Plaintiff did not provide any evidence that Debtor knew Plaintiff's injury was substantially certain to occur.  Plaintiff has not met his burden to prove that his claim against Debtor is nondischargeable based on Debtor's willfulness under § 523(a)(6).

**SUMMARY**

Plaintiff has not demonstrated that Debtor's conduct was willful.  Therefore, the Court concludes that Plaintiff has not met his burden and his claim for damages arising out of his injury is not excepted from Debtor's discharge.

Plaintiff requested two other forms of relief.  First, Plaintiff's Adversary Cover Sheet includes a claim for relief based on § 523(a)(2) (Doc. 1).  The issue was not raised in the Complaint nor addressed in the record.  Therefore, this claim for relief is denied.  Second, Plaintiff requests priority repayment status under § 507(a)(4).  Debtor received a discharge in May 2008 (Doc. 16).  Trustee certified that the estate contained no assets (Doc. 22).  No claims, priority or otherwise, have been paid from the bankruptcy estate.  For these reasons, the Court denies this claim for relief.

**WHEREFORE**, Plaintiff's Complaint to Determine Dischargeability is DENIED.

    **FURTHER,** Plaintiff's claim under § 523(a)(2) is DENIED.

    **FURTHER,** Plaintiff's claim under § 523(a)(6) is DENIED.

    **FURTHER,** Plaintiff's claim against Debtor is not excepted from discharge.

    **FURTHER,** Plaintiff's alternate claim for relief under § 507(a)(4) is DENIED.

    **FURTHER,** judgment shall enter accordingly.

    Dated and Entered:  March 13, 2009.

_____
Paul J. Kilburg
Bankruptcy Judge